■ BARBARA EGAN, Respondent, v GLENN O'BRIEN, Appellant. [736 NYS2d 871] —Order, Supreme Court, New York County (Marylin Diamond, J.), entered January 22, 2001, which, to the extent appealed from, granted plaintiff's motion to compel plaintiff to turn over certain artwork designated as plaintiff's property pursuant to schedules A and B of the parties' marital settlement agreement, unanimously affirmed, with costs.

Although the parties' marital settlement agreement, entitling plaintiff to the artwork here at issue, by its express terms, was not subject to oral modification, defendant, in opposing plaintiff's motion to compel his turnover of the artwork, contends that the agreement was, in fact, orally modified to permit his retention of the artwork. Defendant's reliance upon the alleged oral modification was properly found unavailing by the motion court. As noted, the agreement was not, by its terms, subject to oral modification and defendant has failed to raise a triable issue as to the validity of the alleged modification by adducing proof of conduct by the parties unequivocally referable to the alleged modification (*see, Rose v Spa Realty Assoc.*, 42 NY2d 338, 343-344). Nor has defendant adduced evidence of circumstances upon which plaintiff might be estopped

from relying on the written marital settlement agreement (*see, id.* at 344). Concur—Tom, J.P., Mazzarelli, Sullivan, Wallach and Marlow, JJ.